UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEREMY TURNER, | No. 2:20-cv-01079-TLN-JDP |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Geremy Turner's ("Plaintiff") Motion for Relief under Federal Rule of Civil Procedure ("Rule") 56(d). (ECF No. 20.) Defendants City of Sacramento, Officer Eric Nedeljkovic, and Officer Mustafa Muhammad (collectively, "Defendants") filed an opposition. (ECF No. 23.) Plaintiff filed a reply. (ECF No. 24.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

I. **Factual and Procedural Background**

This case arises from Plaintiff's allegations that Defendants violated his civil rights during his arrest on July 29, 2019. (ECF No. 20 at 3.) Plaintiff filed the instant action on May 28, 2020. (ECF No. 1.) Defendants filed a motion for summary judgment on July 16, 2021. (ECF No. 12.) Rather than file an opposition, Plaintiff filed a motion to continue the hearing on Defendants' motion for summary judgment (ECF No. 15) and also filed the instant motion for relief under Rule 56(d) (ECF No. 20). On August 11, 2021, the Court granted Plaintiff's motion to continue

1

the hearing on Defendants' motion for summary judgment and indicated Plaintiff may file an opposition prior to the new hearing date. (ECF No. 21.) The Court also noted discovery closed on July 14, 2021, and absent an order granting a motion to reopen discovery pursuant to Rule 16 or an order granting Plaintiff's pending Rule 56(d) motion, discovery remains closed. (*Id.*)

## II.  STANDARD OF LAW

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129–30 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). Further, a court may deny "further discovery if the movant has failed diligently to pursue discovery in the past." *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted).

## III.  ANALYSIS

In the instant motion, Plaintiff argues the Court should deny Defendants' motion for summary judgment or defer the motion until the close of discovery because Plaintiff's lead counsel is out of the country for a family emergency and the parties "have not engaged in meaningful discovery." (ECF No. 20 at 1–2.) Plaintiff further indicates "newly associated counsel . . . thinks that written discovery and key depositions will elicit facts to support Plaintiff's claims." (*Id.* at 4.)

In opposition, Defendants stress that Plaintiff has not conducted any discovery since filing the lawsuit in May 2020. (ECF No. 23 at 2.) Defendants also emphasize Plaintiff's only "good cause" argument — that Plaintiff's counsel left the country — is insufficient because Plaintiff's

counsel left the country on July 22, 2021, over a week after discovery closed. (*Id.*) As such, Defendants argue Plaintiff has not diligently pursued discovery. (*Id.* at 3–4.) Defendants also argue Plaintiff's motion does not specifically identify any relevant information being sought or how such information would be essential to oppose summary judgment. (*Id.* at 3.)

In reply, Plaintiff vaguely argues the discovery sought would overcome summary judgment. (ECF No. 24 at 2; ECF No. 24-1 at 2 ("The specific facts that Plaintiff hopes to elicit from further discovery: is the who, what, when, where, and why, of Plaintiff's false arrest and Defendants' illegal search.").) Plaintiff further argues that his new counsel diligently sought discovery as soon as she entered the case on August 5, 2021. (*Id.* at 4.)

The Court finds Plaintiff has not been diligent. Plaintiff does not contest that he conducted no discovery in the time between filing the action in May 2020 and the close of discovery in July 2021. Further, Plaintiff's Rule 56(d) motion and his new counsel's attempts to conduct discovery occurred almost a month after discovery closed. The Court is sympathetic to the fact that Plaintiff's new counsel joined the case after discovery closed, but that does not excuse Plaintiff's failure to conduct any discovery for the year preceding the close of discovery. In addition, Plaintiff also fails to meet his burden to identify what specific, relevant information he seeks and how that information would preclude summary judgment. Plaintiff's vague generalities are insufficient.

Accordingly, the Court DENIES Plaintiff's Rule 56(d) motion.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Relief under Rule 56(d). (ECF No. 20.) The hearing on Defendants' pending motion for summary judgment is set for October 14, 2021, and Plaintiff may file an opposition prior to that time pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

Dated: September 10, 2021

Troy L. Nunley
United States District Judge

3