UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEREMY TURNER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SACRAMENTO, et al.,<br><br>　　　　　　Defendants. | No. 2:20-cv-01079-DAD-JDP<br><br><br>TENTATIVE PRETRIAL ORDER |

On March 14, 2023, the court conducted a final pretrial conference. Attorneys Tiega Varlack appeared as counsel for plaintiff; Attorney Sean Richmond appeared as counsel for defendants. Having considered the parties' joint pretrial statement (Doc. No. 43) and the views of the parties expressed at the conference, the court issues this tentative pretrial order.[1]

Plaintiff Geremy Turner brings this civil rights action under 42 U.S.C. §§ 1981, 1983, and state law against two defendants (Sacramento Police Department officers Eric Nedeljkovic and Mustafa Mohammad) arising out of a traffic stop and subsequent search of plaintiff's home.

/////

/////

---

[1] At the final pretrial conference, the court informed the parties that the joint pretrial statement filed on February 28, 2023, lacked a signature from any party's counsel. (Doc. No. 43); *see* Local Rule 131(b). The parties were instructed to file with the court a signed version of the joint pretrial statement.

1

I. JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343. Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b). Venue is not contested.

II. JURY

Both parties have demanded a jury trial. The jury will consist of eight jurors.

III. UNDISPUTED FACTS

1. On July 29, 2019, officers Mohammad and Nedeljkovic were working uniformed patrol in a black police car at Evergreen shopping center, at 5575 Mack Road.
2. During their patrol, officers Mohammad and Nedeljkovic initiated a traffic stop on Geremy Turner for a non-functional brake light.
3. During the stop, plaintiff informed the officers that he was on probation. A records check conducted by the officers confirmed this and also that plaintiff was a convicted felon as of March 9, 2009.
4. A records check conducted by officers Mohammad and Nedeljkovic indicated that Geremy Turner's listed probation address was 121 Majorca Circle, Sacramento, CA. However, plaintiff denied to the officers that he lived at that address.
5. Officer Nedeljkovic informed Geremy Turner that a probation search would be conducted at his listed probation address, 121 Majorca Circle, Sacramento, CA.
6. After arriving at 121 Majorca Circle, officers Mohammad and Nedeljkovic were informed by Geremy Turner's mother that he had slept at 121 Majorca Circle, as recently as July 28, 2019.
7. During the probation search of 121 Majorca Circle, officers Mohammad and Nedeljkovic discovered one of the bedrooms inside the residence was locked.
8. While searching Geremy Turner's niece's bedroom, Officer Mohammad found a set of keys in a drawer.
9. Inside the same drawer, next to the keys, a credit card inscribed with Geremy Turner's name was found.

/////

2

10. Geremy Turner stayed in the niece's bedroom, where the keys and credit card were found, when he slept at the residence.

11. The keys found inside the drawer unlocked the lock on the other bedroom door that had been discovered by officer Mohammad.

12. Officers Mohammad and Nedeljkovic found a loaded AR-15 and two shotguns, unsecured, inside the locked bedroom.

13. Containers full of various, live ammunition was also found inside the locked bedroom.

14. Following discovery of the firearms during the search of 121 Majorca Circle, officer Nedeljkovic read Geremy Turner his Miranda Rights verbatim from his Sacramento Police Department issued card.

15. Officers Nedeljkovic and Mohammad subsequently arrested Geremy Turner, and he was booked at the Sacramento County Jail.

16. The Sacramento County District Attorney subsequently declined to prosecute the criminal charges against Plaintiff, and they were then dismissed.

IV. DISPUTED FACTUAL ISSUES

1. Whether the terms of Plaintiff's probation allowed the officers to search the residence at 121 Majorca Circle, as well as a locked room within that residence, without a search or arrest warrant.

2. Whether the officers exercised due care when they performed a warrantless search at 121 Majorca Circle.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will

3

notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

VI.   SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the parties have provided the following special factual information pertaining to this action:

> The date, place and general nature of the incident is as follows: July 29, 2019, starting at 5575 Mack Road and ending at 121 Majorca Circle, the tort is based on illegal search and seizure under the fourth amendment and intentional infliction of emotional distress under 42 USC § 1983. The plaintiff alleges that the officers search of a room that he did not occupy at a residence that he did not live at was objectively unreasonable, and therefore qualified immunity does not apply.
>
> Plaintiff is 33 years old. He sustained physical injury to his person based on the illegal arrest and mental distress. He was not hospitalized. He will require mental health treatment in the form of counseling at least once a month at approximately $150 a session for the next three years. His loss of earning is an amount to be proven at trial as he is a clothing designer with a sole proprietorship. He will ask the jury to award punitive damages.

VII.   RELIEF SOUGHT

1.   Plaintiff seeks compensatory damages and punitive damages against defendants.

2.   Plaintiff also seeks to recover attorneys' fees under 42 U.S.C. § 1988.

VIII.   POINTS OF LAW

The claims and defenses arise under both federal and state law. All of plaintiff's claims are brought against the defendants, officer Nedeljkovic and officer Mohammad.

1.   The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1983 for an unreasonable search in violation of the Fourth Amendment.

2.   The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1983 for an unreasonable seizure in violation of the Fourth Amendment.

3.   The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1981 for the racially discriminatory misuse of government power in the making or enforcing of contracts.

4.   The elements of, standards for, and burden of proof in an unlawful search claim brought under state law.

4

    5.      The elements of, standards for, and burden of proof in an unlawful arrest claim brought under state law.

    6.      The elements of, standards for, and burden of proof in a claim brought under the Unruh Civil Rights Act, California Civil Code § 51.7.

    7.      The elements of, standards for, and burden of proof in an intentional infliction of emotional distress claim brought under state law.

    8.      The elements of, standards for, and burden of proof in a negligent infliction of emotional distress claim brought under state law.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

## IX.   ABANDONED ISSUES[2]

    1.      Plaintiff's first cause of action, to the extent it is predicated on the alleged excessive use of force in violation of the Fourth Amendment; due process in violation of the Fifth and Fourteenth Amendments; equal protection in violation of the Fourteenth Amendment; and interference with the zone of privacy in violation of the Fourth and Ninth Amendments.

    2.      Defendants' first, second, third, fourth, fifth, sixth, and seventh affirmative defenses asserted in their answer to the complaint (Doc. No. 10).

/////

/////

/////

/////

---

[2] At the final pretrial conference, the parties were instructed to clarify with greater specificity the precise claims and affirmative defenses that have been abandoned and which claims and affirmative defenses remain as points of law for the trial of this action. The parties are directed to provide this clarification in their objections to this tentative final pretrial order.

WITNESSES[3]

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendant's witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

    A.    **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

        (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2)    The court and opposing parties were promptly notified upon discovery of the witness;

        (3)    If time permitted, the party proffered the witness for deposition; and

        (4)    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

/////

/////

/////

---

[3] At the final pretrial conference, plaintiff's counsel was instructed to identify with greater detail the trial witnesses identified as persons most knowledgeable, perhaps by identifying not only the entity but the subject matter about which the witness has knowledge. Plaintiff's counsel is directed to provide this greater detail in her objections to this tentative final pretrial order.

X.     EXHIBITS, SCHEDULES, AND SUMMARIES[4]

Plaintiff's exhibits are listed in **Attachment C**. Defendant's exhibits are listed in **Attachment D**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

---

[4] Listing of exhibits as "files relating to" is not acceptable. Accordingly, at the final pretrial conference, the parties were instructed to identify their listed exhibits with greater specificity (by Bates stamp number, by date, author or other appropriate description) in their objections to this tentative pretrial order in order for the final pretrial order to eliminate any unnecessary disputes over the exhibits that each party intends to offer at trial. The parties are directed to provide this greater specificity in their objections to this tentative final pretrial order.

      B.      Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

          (1)     The exhibits could not reasonably have been discovered earlier;

          (2)     The court and the opposing parties were promptly informed of their existence;

          (3)     The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

## XI. DISCOVERY DOCUMENTS

None.

## XII. FURTHER DISCOVERY OR MOTIONS

None. Discovery and law and motion are now closed under the scheduling order previously issued in this case.

## XIII. STIPULATIONS

None.

## XIV. AMENDMENTS/DISMISSALS

None.

## XV. SETTLEMENT

The parties have not yet participated in a court-ordered settlement conference. Accordingly. Accordingly, the court will refer this case to the assigned magistrate judge for the setting of a settlement conference to be conducted prior to the trial date. Depending on the assigned magistrate judge's settlement conference procedures, the assigned magistrate judge may hold the settlement conference or may arrange for a different magistrate judge to hold the settlement conference.

/////

XVI.   JOINT STATEMENT OF THE CASE

At the final pretrial conference, the parties were instructed to submit a joint neutral statement of the case to be read to perspective jurors in their objections to this tentative pretrial order.

XVII.  SEPARATE TRIAL OF ISSUES

The court will bifurcate the punitive damages claim as follows.  The court will submit the question of defendants' liability, including liability for punitive damages, to the jury in the first phase of trial.  If the jury makes the requisite finding that punitive damages are available, then the trial will proceed to a second phase on the question of the amount of punitive damages.

XVIII. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XIX.   ATTORNEYS' FEES

Plaintiff will seek attorneys' fees and costs if he prevails, and will do so by way of a noticed motion filed after the entry of judgment in this case.

XX.    TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

Not applicable.

XXI.   MISCELLANEOUS

Not applicable.

XXII.  ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **June 26, 2023**, at 9:00 a.m. in Courtroom 4 before the Honorable Dale A. Drozd.  Trial is anticipated to last four court days.  The parties are directed to Judge Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

Counsel are directed to call Pete Buzo, courtroom deputy, at (916) 930-4016, one week prior to trial to ascertain the status of the trial date.

XXIII. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

/////

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXIV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

XXV. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections. If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **March 15, 2023**                        _/s/ Dale A. Drozd_
                                                                  UNITED STATES DISTRICT JUDGE

**ATTACHMENT A – PLAINTIFF'S WITNESSES**

1. Geremy Turner
2. The person most knowledgeable from the Sacramento Police Department regarding its policy with respect to warrantless searches.
3. The person most knowledgeable from the Sacramento County Jail regarding the processing of plaintiff following his arrest on July 29, 2019.
4. The person most knowledgeable from the Sacramento District Attorney's office regarding its charging policy and charging decision as to plaintiff.
5. The person most knowledgeable from the Sacramento Public Defenders office regarding the recovery of counsel fees.
6. The person most knowledgeable from the City of Sacramento regarding [topic].
7. Police Officer Nedeljkovic
8. Police Officer Mohammed
9. Dale Wilks
10. Gary Turner
11. Alvin Singh

## ATTACHMENT B – DEFENDANTS' WITNESSES

1. Geremy Turner
2. Dale Wilks
3. Terri Lynn Brittenum
4. Risati Faraimo
5. Gary J. Turner
6. Alvin Singh
7. SPD Officer Mustafa Mohammad, Badge No. 780
8. SPD Officer Eric Nedeljkovic, Badge No. 370
9. SPD Officer Byron Eby, Badge No. 531
10. SPD Officer Nou Khang, Badge No. 240
11. SPD Officer Craig Hills, Badge No. 930
12. SPD Officer Adam Korzeniewski, Badge No. 783
13. SPD Officer Nicholas Tayler, Badge No. 741
14. SPD Officer Daniel Donahue, Badge No. 904
15. SPD Property Assistant Yolanda Adriano
16. SPD Property Assistant Lee Hegji
17. SPD Property Assistant Monty Maxwell
18. SPD Property Assistant Kimberly McClusky
19. SPD Forensic Investigator Maureen O'Connor

**ATTACHMENT C – PLAINTIFF'S EXHIBITS**

1. Sacramento County Superior Court Criminal Complaint No. 19FE013606.
2. Terms of Geremy Turner's probation as of date of incident.
3. Sacramento County District Attorneys files related to case No 19FE013606.
4. Sacramento County Defenders files related to Case No 19FE013606.
5. Plaintiff's business license and website merchandise.

**ATTACHMENT D – DEFENDANTS' EXHIBITS**

A. Scene Photographs (45)
B. Sacramento Police Department General Offense Report No. 2019-242394.
C. Body Worn Camera of SPD Officer Mustafa Mohammed.
D. Body Worn Camera of SPD Officer Eric Nedeljkovic.
E. Body Worn Camera of SPD Officer Byron Eby.
F. Body Worn Camera of SPD Officer Nou Khang.
G. Body Worn Camera of SPD Officer Daniel Donahue.
H. Body Worn Camera of SPD Officer Adam Korzeniewski.
I. Body Worn Camera of SPD Officer Craig Hills.
J. Body Worn Camera of SPD Officer Nicholas Tayler.
K. In Car Camera of SPD Officer Mustafa Mohammed.